UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------

MERRILL LYNCH, PIERCE FENNER
& SMITH, INC.,

      Interpleader Plaintiff,

   v.

SEYMOUR SOHMER

  and

LIBA TARGOWNIK, *individually and as*
*nominated executor of the estate of*
*Sally Sohmer*,

      Interpleader Defendants.

--------------------------------------------------------------

LIBA TARGOWNIK,

      Plaintiff,

   v.

SEYMOUR SOHMER,

      Defendant.

--------------------------------------------------------------

**MEMORANDUM & ORDER**
16-CV-1856 (MKB)

21-CV-172 (MKB)

MARGO K. BRODIE, United States District Judge:

   On October 4, 2023, after a six-day trial in the above-captioned cases,[1] the jury awarded

the Estate of Sally Sohmer (the "Estate") a total sum of $800,374.99 and awarded to Seymour a

---

[1] On April 15, 2016, Interpleader Plaintiff Merrill Lynch, Pierce Fenner & Smith Incorporated ("Merrill Lynch") commenced the first of two related actions ("Action I"). (Action I Compl., *Merrill Lynch v. Sohmer*, No. 16-CV-1856 (E.D.N.Y. Apr. 15, 2016), Docket Entry No. 1.) On December 17, 2020, Interpleader Defendant Liba Targownik commenced the second action ("Action II") in New York State Surrogate's Court, and Interpleader Defendant Seymour Sohmer ("Seymour") removed the action to this Court. (Action II Compl., annexed to Notice of

total sum of $470,326.12.[2] (Verdict Form, Ct. Ex. 6, Docket Entry No. 65.) On October 11,

2023, the Court entered judgment according to the jury's verdict, and on January 9, 2024,

entered amended judgments in Action I and II to reflect the appropriate division of awards in

each action.[3] In a Memorandum and Order dated August 26, 2024, the Court directed the Clerk

of Court to further amend the judgments in Action I to reflect that Targownik is entitled to

$53,282.47 in prejudgment interest and in Action II to reflect that Seymour is entitled to post-

judgment interest from October 11, 2023, until the date the judgment is satisfied (the "August

2024 Decision"). (Aug. 2024 Decision, Docket Entry No. 87.) In a Memorandum and Order

dated October 2, 2024, the Court directed the Clerk of Court to further amend the Action I

Second Amended Judgment to reflect that Seymour is required to pay $53,282.47 in prejudgment

interest to the Estate (the "October 2024 Decision"). (Oct. 2024 Decision, Docket Entry No. 95.)

Currently before the Court is Targownik's motion to (1) amend her Action II pleading to

clarify that her claim seeking the return of the funds in the Apple Bank checking account number

ending in 8804 (the "Apple Bank Account") is a claim of conversion; (2) amend the Action I

Second Amended Judgment to make Seymour directly responsible for payment of the $18,000

withdrawn from the Apple Bank Account; (3) amend the Action I Second Amended Judgment to

include prejudgment interest at a statutory rate of 9% per annum, beginning on February 29,

2016; and (4) amend the Action I Second Amended Judgment to include post-judgment interest,

---

Removal as Ex. A, Docket Entry No. 1-1; Notice of Removal, Docket Entry No. 1.) Unless
otherwise noted, the Court refers to the docket entries filed in Action II.

[2] Because there are multiple individuals with the name Sohmer, for ease of reference, the
Court will refer to the Sohmers by their given names.

[3] (*See* Judgment, Docket Entry No. 66; Action I Am. Judgment, *Merrill Lynch v.
Sohmer*, No. 16-CV-1856 (E.D.N.Y. Jan. 9, 2024), Docket Entry No. 186; Action II Am.
Judgment, Docket Entry No. 77.)

calculated from the entry of judgment at a rate equal to the weekly average one-year constant maturity Treasury yield, until the judgment is satisfied.[4]  For the reasons stated below, the Court denies Targownik's motion in its entirety.

## I.  Background

The Court assumes familiarity with the facts as detailed in the August 2024 Decision and October 2024 Decision, and therefore only provides a summary of the pertinent facts.

Merrill Lynch filed Action I on April 15, 2016, pursuant to 28 U.S.C. § 1335, to determine proper ownership of, distribution of, and Interpleader Defendants' entitlement to, funds in a joint investment account held by Merrill Lynch[5] on behalf of the decedent, Sally Sohmer ("Sally"). (Action I Compl.)  On December 17, 2020, Targownik[6] commenced Action II in New York State Surrogate's Court, seeking the return of a $210,000 loan Sally had provided to her brother, Seymour, and Seymour removed the action to this Court.  (Action II Compl.; Notice of Removal.) In his Answer to the Action II Complaint, Seymour asserted counterclaims for, *inter alia*, intentional interference with economic interests, conversion, and trespass to chattels, and Targownik later amended the Action II Complaint to include claims for conversion and trespass to chattels.[7]

---

[4]  (Targownik's Mot. to Amend & Alter Judgment ("Targownik's Mot."), Docket Entry No. 96; Seymour's Opp'n to Targownik's Mot. ("Seymour's Opp'n"), Docket Entry No. 97.)

[5]  On May 1, 2017, by stipulation of the parties, the Court dismissed Merrill Lynch as a party.  (Stip. & Order of Dismissal, *Merrill Lynch v. Sohmer*, No. 16-CV-1856 (E.D.N.Y. May 1, 2017), Docket Entry No. 52.)

[6]  Merrill Lynch brought Action I against Targownik as "nominated executor of" and "a named beneficiary of [Sally's] estate."  (Action I Compl. ¶¶ 1, 7.)

[7]  (Answer, Docket Entry No. 8; Targownik's Letter Mot. to Amend Action II Compl., Docket Entry No. 53; Order dated Oct. 2, 2023 (granting Targownik's letter motion to amend).)

On October 4, 2023, the jury awarded the Estate a total sum of $800,374.99 and awarded to Seymour a total sum of $470,326.12. (Verdict Form.) On October 11, 2023, the Court entered judgment according to the jury's verdict, and on January 9, 2024, the Court entered amended judgments in Action I and II to reflect the appropriate division of awards in each action. (*See* Judgment; Action I Am. Judgment; Action II Am. Judgment.) On March 22, 2024, Targownik filed a post-trial motion to set aside the jury's verdict as inconsistent and to alter or amend the judgment, and Seymour filed a post-trial motion to alter or amend the judgment. (Targownik's Post-Trial Mot., Docket Entry No. 80; Seymour's Post-Trial Mot., Docket Entry No. 81.) In the August 2024 Decision, the Court (1) denied Targownik's motion to set aside or amend the jury's verdict as inconsistent; (2) granted Targownik's motion for prejudgment interest on the $210,000 loan to accrue at a rate of 9% per annum from December 17, 2020, until October 11, 2023; (3) denied Seymour's motion for prejudgment interest on the conversion claim; and (4) granted Seymour's motion for post-judgment interest on the conversion claim at the rate set forth in 28 U.S.C. § 1961. (Aug. 2024 Decision 30.) On August 29, 2024, the Clerk of Court entered Second Amended Judgments in each action in accordance with the August 2024 Decision. (Action I Second Am. Judgment, *Merrill Lynch v. Sohmer*, No. 16-CV-1856 (E.D.N.Y. Aug. 29, 2024), Docket Entry No. 198; Action II Second Am. Judgment, Docket Entry No. 89.)

On September 9, 2024, Seymour filed a motion for partial reconsideration pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, and Targownik filed a motion for partial reconsideration and motion to amend. (Seymour's Mot. to Reconsider, Docket Entry No. 90; Targownik's Mot. to Reconsider & Amend, Docket Entry No. 91.) In the October 2024 Decision, the Court denied Seymour's and Targownik's motions for partial reconsideration and granted in part and denied in part Targownik's motion to amend. (Oct. 2024 Decision 21.) The Court directed the Clerk of Court to amend the Action I Second Amended Judgment to reflect

4

that Seymour "pay to the estate of Sally Sohmer the sum of $53,282.47 in prejudgment interest." (*Id.* at 21–22.)

## II.  Discussion

### a.  Standards of review

#### i.  15(b)(2)

Rule 15(b)(2) of the Federal Rules of Civil Procedure provides that an issue not raised by the pleadings "must be treated in all respects as if raised in the pleadings" when it "is tried by the parties' express or implied consent."  Fed. R. Civ. P. 15(b)(2); *O'Rourke Marine Servs. L.P., L.L.P. v. M/V COSCO HAIFA*, 730 F. App'x 89, 92 n.2 (2d Cir. 2018) (quoting same).  "[A] party may move — at any time, even after judgment — to amend the pleadings to conform them to the evidence [presented at trial] and to raise an unpleaded issue."  *Sparta Com. Servs., Inc. v. DZ Bank*, 680 F. App'x 17, 19 (2d Cir. 2017) (second alteration in original) (quoting Fed. R. Civ. P. 15(b)(2)); *Schmidt v. Stone*, No. 14-CV-2519, 2024 WL 1347530, at *6 (E.D.N.Y. Mar. 29, 2024) (quoting Fed. R. Civ. P. 15(b)(2))).  Under Rule 15(b)(2), a court "should freely grant a plaintiff leave to amend the complaint," but may, in its discretion, deny leave to amend when the amendment would be futile or cause prejudice.  *DiMare Homestead, Inc. v. Alphas Co. of New York*, 547 F. App'x 68, 69 (2d Cir. 2013) (quoting *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.,* 723 F.3d 192, 198 (2d Cir. 2013))); *see also Sparta Comm. Servs., Inc.*, 680 F. App'x at *19 (noting that a motion to amend pursuant to Rule 15(b)(2) may "properly be denied . . . when amendment would be futile."); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 569 (2d Cir. 2000) ("Under [Rule 15(b)], a district court may consider claims outside those raised in the pleadings so long as doing so does not cause prejudice." (citations omitted)), *superseded on other grounds by*, N.Y.C. Local L. No. 85; *Royal Am. Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1017 (2d Cir. 1989) (explaining that the most important considerations under Rule 15(b) are "whether

5

the new issues were tried by the parties' express or implied consent and whether the defendant 'would be prejudiced by the implied amendment, i.e., whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory.'" (quoting *Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F.2d 1078, 1086 (2d Cir. 1977))).

"[C]onsent may be implied from [the opposing party's] failure to object at trial to the introduction of evidence relevant to the unpled issue," *Luria Bros. & Co. v. Alliance Assur. Co.*, 780 F.2d 1082, 1089 (2d Cir. 1986) (citing *Usery v. Marquette Cement Mfg. Co.*, 568 F.2d 902, 906 (2d Cir. 1977)), or by the opposing party treating the claim "as having been pleaded, . . . through his silent acquiescence," *Bozdogan v. 23 Ludlam Fuel, Inc.*, No. 16-CV-1053, 2022 WL 523546, at *4 (E.D.N.Y. Feb. 22, 2022) (quoting *Silverstein v. Penguin Putnam, Inc.*, 522 F. Supp. 2d 579, 604 (S.D.N.Y. 2007)). In such cases, "the overall record must reflect that the opposing party was aware of the claim and that the issues were tried." *In re Leff*, 631 B.R. 106, 119 (Bankr. E.D.N.Y. 2021) (citing *Luria Bros. & Co.*, 780 F.2d at 1089–90)); *see also CIT Bank, N.A. v. Zisman*, No. 17-CV-2126, 2021 WL 3354047, at *6 (E.D.N.Y. Mar. 1, 2021) ("To determine whether the parties implicitly consented to litigating an issue not presented by the pleadings, courts examine whether the parties recognized that the issue had entered the case.") (citing *Luria Bros. & Co., Inc.*, 780 F.2d at 1089)). "However, consent will not be implied from the failure to object to evidence that is relevant to both pleaded and unpleaded issues . . . ." *Silverstein*, 522 F. Supp. 2d at 604 (citing *Luria Bros. & Co.*, 780 F.2d at 1089); *Bozdogan*, 2022 WL 523546, at *4 (same) (quoting *Silverstein*, 522 F. Supp. 2d at 604)). In general, "[b]ecause the unpled issue 'must have been tried by [the parties'] express or implied consent,' . . . courts commonly do not reach the issue of prejudice where the party opposing amendment has not consented to litigate the unpled issue." *Myers v. Moore*, 326 F.R.D. 50, 61 (S.D.N.Y. 2018) (quoting *Luria Bros. & Co.*, 780 F.2d

6

at 1089); *U.S. Bank Nat'l Ass'n as trustee for Registered Holders of CD 2005-CD1 Com. Mortg. Tr., Com. Mortg. Pass-Through Certificates v. 2150 Joshua's Path, LLC*, No. 13-CV-1598, 2020 WL 5417085, at *12 (E.D.N.Y. July 2, 2020) ("Where the defendant has not consented to litigate the unpleaded issue, courts will generally not reach the question of whether amendment would prejudice the defendant." (citing *Myers*, 326 F.R.D. at 61)). "The purpose of Rule 15(b) is to allow the pleadings to conform to issues actually tried, not to extend the pleadings to introduce issues inferentially suggested . . . ." *N.L.R.B. v. Consol. Bus Transit, Inc.*, 577 F.3d 467, 476 n.4 (2d Cir. 2009) (quoting *Grand Light & Supply Co. v. Honeywell, Inc.*, 771 F.2d 672, 680 (2d Cir. 1985)); *Pike Co. v. Universal Concrete Prods., Inc.*, 616 F. Supp. 3d 253, 262 (W.D.N.Y. 2022) (same) (quoting *Grand Light & Supply Co.*, 771 F.2d at 680).

    **ii.    Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure provides for relief from a final judgment, order, or proceeding in the case of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Banister v. Davis*, 590 U.S. 504, 517 n.6 (2020) (quoting Fed. R. Civ. P. 60(b)); *Trombetta v. Novocin*, No. 18-CV-993, 2025 WL 1066210, at *2 (S.D.N.Y. Mar. 7, 2025) (same). Rule 60(b) "strike[s] a balance between serving the ends of justice and preserving the finality of judgments." *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Dem. Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)); *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting same). Such

motions must be brought "within a reasonable time." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)); *Stinson v. City Univ. of N.Y.*, No. 24-803, 2024 WL 5135230, at *2 (2d Cir. Dec. 17, 2024) (quoting Fed. R. Civ. P. 60(c)(1)). "[A] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Pastor v. P'ship for Child.'s Rts.*, 856 F. App'x 343, 345 (2d Cir. 2021) (citing *Zerman v. Jacobs*, 751 F.2d 82, 84–85 (2d Cir. 1984)); *Shkoza v. NYC Health & Hosp. Corp.*, No. 20-CV-3646, 2025 WL 1581770, at *2 (S.D.N.Y. June 4, 2025) (same) (quoting *Pastor*, 856 F. App'x at 345); *see also D'Angelo v. State Farm Fire & Cas. Co.*, 201 F.3d 430, 1999 WL 1295353, at *1 (2d Cir. 1999) (unpublished table decision) ("Rule 60(b) is not a substitute for appeal and may not be used to relitigate the merits of a case." (citing *Competex, S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986))). "[T]he general rule [is] that a movant bears the burden in Rule 60(b) motions[.]" *Gater Assets Ltd. v. AO Moldovagaz*, 2 F.4th 42, 53 (2d Cir. 2021) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)); *see also Doe v. Bd. of Educ.*, No. 23-1035, 2024 WL 3024515, at *1 (2d Cir. June 17, 2024) ("The burden of proof is on the party seeking relief." (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001))); *United States v. $25,002.05 seized from JPMorgan Chase Acct. ending in XXXX, held in name of Olumodeji*, No. 24-CV-429, 2025 WL 1168242, at *2 (N.D.N.Y. Apr. 22, 2025) ("[A] movant bears the burden in Rule 60(b) motions." (quoting *Gater Assets Ltd*, 2 F.4th at 53)).

To qualify for Rule 60(b)(6) relief, a plaintiff must also demonstrate either "extraordinary circumstances" or that "the judgment may work an extreme and undue hardship." *Crispin v. Rodriguez*, No. 21-883, 2023 WL 1113536, at *2 (2d Cir. Jan. 31, 2023) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)); *see also Mandala*, 88 F.4th at 361 (noting that "Rule 60(b)(6) 'grants federal courts broad authority to relieve a party from a final judgment upon such

terms as are just'" but such relief "is reserved for cases that present 'extraordinary circumstances'" (quoting *Liljeberg*, 486 U.S. at 863–64)); *Stinson*, 2024 WL 5135230, at *2 ("Rule 60(b)(6) provides a 'catch-all provision' for 'any other reason that justifies relief' that may be invoked only 'when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule.'" (quoting *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020))); *Honickman v. BLOM Bank SAL*, No. 22-1039, 2024 WL 852265, at *2 (2d Cir. Feb. 29, 2024) ("A plaintiff is ordinarily entitled to Rule 60(b)(6) relief 'only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule.'" (quoting *Metzler*, 970 F.3d at 143)), *rev'd sub nom.*, *BLOM Bank SAL v. Honickman*, 605 U.S. ---, ---, 145 S. Ct. 1612, 1619 (June 5, 2025).

### b.   Targownik's motions

The Court considers Targownik's motion to (1) amend her Action II pleading; (2) amend the Action I Second Amended Judgment to make Seymour directly responsible for payment of the $18,000 withdrawn from the Apple Bank Account; (3) amend the Action I Second Amended Judgment to include prejudgment interest at a statutory rate of 9% per annum, beginning on February 29, 2016; and (4) amend the Action I Second Amended Judgment to include post-judgment interest.

### i.   The Court denies Targownik's motion to amend her Action II pleading

Targownik argues that that the Court should allow her to amend the Action II pleading to clarify her claim against Seymour is "sounded in conversion" because (1) a "key element" of a conversion claim — whether the Apple Bank Account was a true joint account with right of survivorship — was "litigated and tried at length" and (2) there is no prejudice to Seymour.

(Targownik's Mot. 1, 3–4.)  In support, Targownik argues that Seymour committed a conversion of the Apple Bank Account funds by taking "possession of the vast majority of the account funds" and by "failing to agree the proceeds belonged to the Estate," which "interfered with [the] use and enjoyment of the funds."  (*Id.* at 4.)  Targownik also argues that "there is no prejudice as Seymour was put on notice of the [conversion] claim at the time of its pleading."  (*Id.*)

Seymour argues that the Court should deny Targownik's motion to amend her pleading because the requested relief is "untimely" and "not warranted."  (Seymour's Opp'n 1.)  First, Seymour argues that the "relief is untimely because Targownik seeks to amend the pleadings as to the issue of the alleged conversion for the first time in her post-trial brief."  (*Id.*)  Second, Seymour argues that the relief is not warranted because the issue of conversion was not tried by express or implied consent of the parties.  (*Id.* at 2–3.)  In support, Seymour argues that the only issue before the jury and reflected in the jury's verdict "was whether the Apple Bank Account was a joint account with the right of survivorship. . . ."  (*Id.* at 2.)  Seymour also argues that Targownik waived the right to seek conversion of the Apple Bank Account because she "could have . . . [asked the Court to] instruct the jury to consider a conversion claim" at the time "she amended her pleadings during the trial to do the same for the Merrill Lynch Account."  (*Id.* at 3.)  Third, Seymour argues that he would be prejudiced by the amendment because (i) "the parties did not solicit any evidence concerning the alleged conversion of the Apple Bank Account at trial[,]" and (ii) "Seymour did not have a fair opportunity to defend" his position on the conversion claim.  (*Id.* at 3–4.)  In support, Seymour acknowledges that he wrote a check to his legal counsel for $18,000 from the Apple Bank Account on February 29, 2016, but contends that Apple Bank informed him that "he had ownership rights to do so" and that he retained counsel "not for [his] personal benefit but for the benefit of the Estate."  (*Id.* at 4.)  Seymour also argues

10

that "[t]he first time that [he has] had the opportunity to present evidence on this issue is now." (*Id.* at 5.)

The Court denies Targownik's motion to amend because Seymour's alleged conversion of the Apple Bank Account was not tried with his express or implied consent. The only issue the jury considered as to the Apple Bank Account was whether it was a convenience account or a joint tenancy with right of survivorship — not whether Seymour committed a conversion of the Apple Bank Account funds. (Jury Instructions 12, 19, *Merrill Lynch v. Sohmer*, No. 16-CV-1856 (E.D.N.Y. Oct. 3, 2023), Docket Entry No. 166 (explaining that Targownik could "only proceed with the[ ] claims against [Seymour for conversion and trespass to chattels] if [the jury] f[ou]nd that the Merrill Lynch Account was a convenience account"); Verdict Form 3–4, *Merrill Lynch v. Sohmer*, No. 16-CV-1856 (E.D.N.Y. Oct. 3, 2023), Docket Entry No. 173 (indicating that Seymour failed to "establish[ ] . . . that the Apple Bank Account was a joint tenancy with the right of survivorship)). Although Targownik sought to amend her pleadings during trial to allege a conversion claim as to the Merrill Lynch Account, she did not do the same as to the Apple Account, and the parties addressed Seymour's alleged conversion of the Apple Bank Account for the first time in their post-trial briefings. (*See* Targownik's Mot.; Seymour's Opp'n; Targownik's Letter Mot. to Amend dated Oct. 1, 2023, *Merrill Lynch v. Sohmer*, No. 16-CV-1856 (E.D.N.Y. Oct. 1, 2023), Docket Entry No. 161; Trial Tr. 1019:16–23 (noting that there was extensive testimony regarding the actions of Seymour, Targownik, and Merrill Lynch relevant to the issues of conversion and trespass, but "no testimony with regard to Apple [Bank]").) Accordingly, because Seymour did not provide express or implied consent to try a conversion claim as to the Apple Bank Account, the Court denies Targownik's motion to amend pursuant to Rule 15(b)(2). *See N.L.R.B. v. Consol. Bus. Transit, Inc.*, 577 F.3d at 476 n.4 (explaining that the purpose of "Rule 15(b) is to allow the pleadings to conform to issues actually tried" (quoting *Grand Light &*

*Supply Co.*, 771 F.2d at 680)); *Robinson v. United States*, 332 F. Supp. 3d 516, 532 (E.D.N.Y. 2018) (finding that there was no express or implied consent for the plaintiff's fraud claim when the claim was raised "for the first time in his proposed findings of fact" and explaining that "[t]o allow amendment at this juncture would be prejudicial to defendant"); *Silverstein*, 522 F. Supp. 2d at 605–06 (explaining that the court would not "imply [the defendant's] consent from [the plaintiff's] unilateral actions" where defendant did not consent to a pre-trial order raising the unpleaded claim, objected to the introduction of evidence relevant to the claim, and offered no evidence to defend against the claim); *see also Bozdogan*, 2022 WL 523546, at *4–5 (explaining that the "[p]laintiff's introduction of his wage notice and statement claims during discovery and in his pre-trial memorandum coupled with [the] [d]efendants' silent acquiescence [led] th[e] [c]ourt to conclude that the claims were tried by implied consent") (citation omitted).[8]

---

[8] Targownik seeks relief "[u]nder Rule 15(b)(2) and Rule 60(b). . . . to clarify that [her] pleaded claim against [Seymour]" as to the Apple Bank Account "is a claim of conversion against Seymour," (Targownik's Mot. 1), but she does not provide additional arguments in support of her requested relief under Rule 60(b), (*see id.* at 5–8). As discussed *infra* with respect to Targownik's motion to amend to make Seymour the payor of the $18,000 withdrawn from the Apple Bank Account, (*see infra* section II.b.ii.), Targownik's motion to amend pursuant to Rule 60(b) as to her alleged conversion claim is untimely because she has failed to raise the issue of the conversion as to the Apple Bank Account within a reasonable time and has not provided sufficient reasons for her delay. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147–48 (2d Cir. 1994) (affirming district court's denial of motion to amend judgment under Rule 60(b) because the movant offered no justification for its delay and explaining that "[a]n argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief") (citation omitted); *Chin v. Noeth*, No. 19-CV-2729, 2025 WL 80601, at *3 (E.D.N.Y. Jan. 13, 2025) (noting that "there [was] no reason why the arguments raised in the instant motion could not have been raised during [petitioner's] earlier proceedings"); *Gonzales v. Nat'l Westminster Bank, Plc*, No. 11-CV-1435, 2013 WL 6978874, at *5 (S.D.N.Y. Nov. 18, 2013) (explaining that Rule 60(b) motions must "be made within a reasonable time") (citations omitted); *see also Hernandez v. Goord*, No. 01-CV-9585, 2014 WL 4058662, at *1 (S.D.N.Y. Aug. 14, 2014) (denying defendant's Rule 60(b) motion because he failed to "demonstrate[] exceptional circumstances that would entitle him to relief, and for substantially the same reasons" that the court granted the plaintiff's motion to amend pursuant to Rule 15(b)).

12

      ii.    **The Court denies Targownik's motion to amend the Action I Second Amended Judgment to label Seymour as the payor of the $18,000 withdrawn from the Apple Bank Account**

Targownik argues that relief under Rule 60(b) is appropriate because allowing her to amend the pleadings (1) would prevent "manifest injustice," (2) would result in "no prejudice to Seymour," and (3) because she "has proceeded promptly since the issuance of the original judgment." (Targownik's Mot. 6.) First, Targownik argues that denying her motion to amend would result in a manifest injustice because of her limited finances, health issues, and the "near zero" balance of the Apple Bank Account. (*Id.*) In support, Targownik argues she is "of very limited financial resources," "unable to earn a substantial living," has suffered from "chronic obstructive pulmonary disease for more than a decade," and "has limited ambulation." (*Id.*) Targownik also argues that injustice would result from the Court only awarding judgment against Apple Bank because "approximately 99% of the account proceeds were removed." (*Id.*) Second, Targownik argues there is no prejudice to Seymour because he "was aware that the Apple Bank Account proceeds were rightful property of the Estate and would need to be paid back to the Estate" after the jury issued its verdict. (*Id.*) Third, Targownik argues that she "has proceeded promptly since the issuance of the original judgment." (*Id.*) In support, Targownik notes she filed her first post-trial motion "shortly after the settlement negotiations concluded" and that "her second one was filed only a few weeks thereafter." (*Id.*) Targownik also argues that she planned to execute on the Court's judgments in Action I and Action II by "address[ing] them one at a time" after "the post-trial motions concluded" and that she only became aware that the Apple Bank Account's balance was "near zero" "[w]hile recently preparing to execute on the judgments." (*Id.*) Finally, Targownik notes that her counsel "inadvertently failed to annex the undisputed documentary evidence in support of her request for relief in the [p]rior [a]pplication," (*id.* at 2–3), and provides bank statements concerning the Apple Bank Account and a copy of the

13

cancelled check dated February 29, 2016, (Apple Bank Records, annexed to Targownik's Mot. as Ex. B, Docket Entry No. 96-2).

Seymour argues that the Court should not amend the Action I to make him the payor because Targowink's request is "untimely." (Seymour's Opp'n 9.) First, he contends that Targownik failed to file her request within a "reasonable time of . . . entry of judgment" or "provide any *credible* circumstances to justify the untimeliness." (*Id.* at 6.) In support, he argues that Targownik "filed her motion twelve months after the initial entry of judgment" and excluded this request from "represent[ations] to the Court [regarding] the grounds on which she intended to move to amend." (*Id.*) Seymour also argues that Targownik has "misrepresent[ed]" to the Court that she only became aware of his withdrawal of the $18,000 when "recently preparing to execute on the judgments" because Targownik knew of the withdrawal for eight years. (*Id.* at 6–7.)

A motion under Rule 60(b) must be made within a reasonable time, and a motion made under Rule 60(b)(1), (2), or (3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The one-year limitation period for Rule 60(b)[(1)–(3)] motions is absolute," *Wang v. Int'l Bus. Machs. Corp.*, 839 F. App'x 643, 646 (2d. Cir. 2021) (alteration in original) (quoting *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006)); *see also Daniel v. T&M Prot. Res., LLC*, 844 F. App'x 433, 435 (2d Cir. 2021) ("A litigant must file [certain] Rule 60(b) motion[s] . . . within a year of entry of the judgment or order.") (citing Fed. R. Civ. P. 60(c)(1)); *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) ("While all motions made pursuant to Rule 60(b) must be brought 'within a reasonable time,' the rule specifies that those falling under the first three clauses must, in addition, be brought within a year of the entry of the challenged judgment.").

14

However, the "one-year limit is merely an outer limit." *Gonzales v. Nat'l Westminster Bank, Plc*, No. 11-CV-1435, 2013 WL 6978874, at *5 (S.D.N.Y. Nov. 18, 2013) (citation omitted). "Rule 60 'requires in all events that [the] motion "be made within a reasonable time."'" *Id.* (quoting *LaFortune v. Hertz Corp.*, No. 98-CV-9154, 2000 WL 281779, at *2 (S.D.N.Y. Mar. 13, 2000)); *see also Jeremiah v. 5 Towns Jewish Times, Inc.,* No. 22-CV-5942, 2024 WL 3416290, at *2 n.1 (E.D.N.Y. Feb. 23, 2024) ("All motions under Rule 60(b) must be made within 'a reasonable time.'" (quoting Fed. R. Civ. P. 60(c)(1))); 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2866 (3d ed. 2013) (May 2025 Update) ("The one-year period represents an extreme limit, and the motion may be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired."). "When assessing what constitutes a 'reasonable time,' [courts] look to 'the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality.'" *Wang*, 839 F. App'x at 646 (quoting *Thai-Lao Lignite (Thailand) Co.*, 864 F.3d at 182); *Long v. Lian,* No. 23-267, 2024 WL 4212190, at *2 (2d Cir. Sept. 17, 2024) (explaining that the Second Circuit "focuses closely on . . . the reason for the delay, including whether it was within the reasonable control of the movant" when evaluating a Rule 60(b) motion); *see also Chin v. Noeth*, No. 19-CV-2729, 2025 WL 80601, at *3 (E.D.N.Y. Jan. 13, 2025) ("In deciding whether a Rule 60 motion was made within a 'reasonable time,' the [c]ourt 'must scrutinize the particular circumstances of the case, and balance the interest of finality with the reasons for delay.'" (quoting *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983))); *Wyche v. Advanced Drainage Sys., Inc.*, 332 F.R.D. 109, 116 (S.D.N.Y. 2019) (same).

Targownik's motion, which was filed on October 11, 2024, is untimely under Rule 60(b)

15

because she did not file it within a reasonable time of the October 11, 2023 entry of judgment.[9]

Targownik filed her motion twelve months after the initial entry of judgment, (Targownik's

Mot.), after representing to the Court she only intended to move to amend the judgment to

include pre-judgment interest and for judgment as a matter of law to set aside the jury's award of

conversion damages and punitive damages to Seymour, (Targownik's Mot.; Targownik's Letter

dated Nov. 20, 2023, *Merrill Lynch v. Sohmer*, No. 16-CV-1856 (E.D.N.Y. Nov. 20, 2023),

Docket Entry No. 180)).  Although Targownik argues that she has limited financial resources and

has suffered from various health issues, (Targownik's Mot. 6), she does not explain how these

circumstances impacted her ability to file a motion addressing this issue, especially in view of

the filing of a motion addressing other issues.  *See Gordon v. City of New York*, 228 F.R.D. 515,

516–17 (S.D.N.Y. 2005) (finding plaintiff's motion untimely under Rule 60(b)(1) and explaining

that her motion would likewise fail under Rule 60(b)(6) because the circumstances that delayed

her filing were not "exceptional" where she did not "specify the nature or duration of her alleged

'health issues'" or "how they impaired her ability to prosecute [her] case"); *Chin*, 2025 WL

80601, at *3 (finding petitioner's Rule 60(b)(6) motion untimely in part because "there [was] no

reason why the arguments raised in the instant motion could not have been raised during

[petitioner's] earlier proceedings"); *Williams v. Smith*, No. 22-CV-6482, 2025 WL 507752, at *2

(S.D.N.Y. Feb. 14, 2025) (denying relief under Rule 60(b)(1) because plaintiff failed to provide

---

[9]  Seymour argues that Targownik "fails to state under which subsection(s) of Rule 60 she seeks relief."  (Seymour's Opp'n 5.)  Although Targownik did not specify under which subsection of Rule 60(b) she seeks relief, (*see generally* Targownik's Mot.), all Rule 60 motions must be brought within a reasonable time.  *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time . . ."); *Jeremiah v. 5 Towns Jewish Times, Inc.,* No. 22-CV-5942, 2024 WL 3416290, at *2 n.1 (E.D.N.Y. Feb. 23, 2024) ("All motions under Rule 60(b) must be made within 'a reasonable time.'" (quoting Fed. R. Civ. P. 60(c)(1))); *Gonzales*, 2013 WL 6978874, at *5 (explaining that Rule 60 provides "in all events that [the] motion 'be made within a reasonable time.'"  (quoting *LaFortune v. Hertz Corp.*, No. 98-CV-9154, 2000 WL 281779, at *2 (S.D.N.Y. Mar. 13, 2000))).

16

"any evidence substantiating the extent of his mental health issues or how the limitations caused by those issues prevented him from prosecuting his case" and finding that relief under 60(b)(6) was "foreclosed" because plaintiff's grounds for relief fell within the first five subsections of Rule 60(b)); *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, No. 15-CV-1238, 2019 WL 13185474, at * 3 (N.D.N.Y. Feb. 28, 2019) (denying plaintiff's request for relief under Rule 60(b)(6) because plaintiff "failed to provide any evidence substantiating the extent" of his mental illness, "or the limitations" that his illness "cause[d] related to being able to prosecute his case), *aff'd*, 830 F. App'x 354 (2d Cir. 2020).

In addition, Targownik's argument that she only recently became aware that the Apple Bank Account was "near zero" is not supported by the evidence. Not only has Seymour provided documentation showing that Targownik's counsel was informed on December 27, 2016 that he had withdrawn the $18,000 from the Apple Bank Account, (Objection to Proposed Order "Extending" Preliminary Letters Testamentary ¶ 3, annexed to Seymour's Opp'n as Ex. E, Docket Entry No. 97-5), but Targownik attached the Surrogate's Court Citation, dated October 30, 2020, which shows that she requested the court "issue an [o]rder directing Seymour . . . to return to the decedent's estate the date-of-death proceeds of the Apple Bank [A]ccount," (Surrogate's Court Citation 3, annexed to Targownik's Mot. as Ex. A, Docket Entry No. 96-1). Accordingly, because Targownik has provided insufficient support for her delay in filing her motion to amend, the Court finds that she has not sought relief under Rule 60(b) within in a reasonable time. *See Sec. & Exch. Comm'n v. Bronson*, 602 F. Supp. 3d 599, 610 (S.D.N.Y. 2022) ("The movant must adduce highly convincing material in support of [a Rule 60(b)] motion." (quoting *Leeber Realty LLC v. Trustco Bank*, No. 17-CV-2934, 2019 WL 498253, at *3 (S.D.N.Y. Feb. 8, 2019))); *Acklin v. Eichner*, No. 20-CV-7042, 2024 WL 4826799, at *8 (S.D.N.Y. Nov. 18, 2024) (finding that plaintiff failed to request relief "within a reasonable

17

time" under Rule 60(b)(6) because of "the interest of finality," the fact that plaintiffs provided no reason for their failure to promptly move for leave to amend, and that defendants would suffer prejudice "weigh[ed] against finding the motion timely"); *see also Metzler Inv. GmbH*, 970 F.3d at 141 (affirming district court's denial of motion to amend judgment under Rule 60(b) where district court found "the purported newly discovered evidence . . . was not in fact new" because plaintiffs "had received the information prior to the entry of the judgment or otherwise failed to make clear when they had received it"); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994) (affirming district court's denial of motion to amend judgment under Rule 60(b) because the movant offered no justification for its delay and explaining that "[a]n argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief").[10]

---

[10] In the October 2024 Decision, the Court denied Targownik's request to amend the Action I Second Amended Judgment because Targownik "provide[d] no evidence to support that (1) the Apple Bank Account is now closed, or (2) Seymour withdrew the proceeds from the account." (Oct. 2024 Decision 16.) Targownik explains this error as an "inadvertent" mistake by her counsel and provides statements and a copy of a cancelled check dated February 29, 2016 from the Apple Bank Account. (Targownik's Mot. 2–3; Apple Bank Records.) However, even if Targownik had attached these bank records to her prior motion to amend, filed within eleven months of the entry of judgment, (Letter dated Sept. 9, 2024, Docket Entry No. 91), her prior motion would nevertheless be considered untimely because she failed to provide any mitigating circumstances justifying her delay. *See Gonzales*, 2013 WL 6978874, at *6 (finding an unexplained six-month delay unreasonable); *United States v. $350,000*, No. 92-CV-4011, 1996 WL 706821, at *2 (E.D.N.Y. Dec. 6, 1996) (finding an unexplained eight-month delay unreasonable); *Sasso v. M. Fine Lumber Co.*, 144 F.R.D. 185, 188–89 (E.D.N.Y. 1992) (finding an unexplained nine-month delay unreasonable). In addition, her counsel's negligence does not justify the untimeliness of her motion. *See Favata v. JD Motors of CNY, Ltd.*, No. 23-CV-1549, 2025 WL 1649045, at *5 (N.D.N.Y. June 11, 2025) (noting that an attorney's negligence is not a basis for relief under Rule 60(b)(1)); *Rapillo v. Fingerhut*, No. 09-CV-10429, 2020 WL 2847940, at *4 (S.D.N.Y. June 1, 2020) ("[T]o constitute extraordinary circumstances for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance, constructive disappearance, or a similar inability to provide adequate representation." (internal citations, quotation marks, and brackets omitted)).

      iii.   **The Court denies Targownik's motion to amend the Action I Second Amended Judgment to include an award of prejudgment interest as to the Apple Bank Account**

Targownik seeks to "amend the [Action I Second Amended Judgment] to include awards to the Estate and against Seymour of pre-judgment interest at the statutory rate of 9% *per annum* from the time of Seymour's conversion of the funds in the Apple Bank Account (February 29, 2016) as set forth under New York State law. . . ." (Targownik's Mot. 1.) In support, Targownik argues the Second Circuit "has expressly held that '[a] party may move for the addition of pre-decision interest to a judgment for a full year under Rule 60(b)(1)." (*Id.* at 7 (quoting *Paddington Partners*, 34 F.3d at 1144).) She contends that "[t]he award of prejudgment interest is required . . . [because] 'New York law does not permit the trial court to exercise any discretion where a party is entitled to such interest as a matter of right . . . .'" (*Id.* (quoting *New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 603 (2d Cir. 2003)).)

Seymour argues that "[e]ven if the Court were to find that he should be the payor on any portion of the Apple Bank Account, the Court should deny Targownik's request for prejudgment interest just as the Court denied Seymour's request for prejudgment interest" because the jury verdict indicates that they awarded $18,284.10 in "*compensatory damages* to [the Estate] from the Apple Bank Account[,]" and the jury instructions "define compensatory damages such that prejudgment interest is included." (Seymour's Opp'n 9.) Seymour also argues that even if prejudgment interest were warranted, "a 2% interest rate is applicable pursuant to CPLR 5004, as amended in 2022." (*Id.* at 10.)

Pursuant to New York Civil Practice Law and Rules ("CPLR") § 5001:

> Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed

19

shall be in the court's discretion.

CPLR § 5001. "New York law does not permit the trial court to exercise any discretion where a

party is entitled to [prejudgment] interest as a matter of right." *New Eng. Ins. Co. v. Healthcare

Underwriters Mut. Ins. Co.*, 352 F.3d 599, 603 (2d Cir. 2003) (quoting *Indu Craft, Inc. v. Bank

of Baroda*, 87 F.3d 614, 617 (2d Cir. 1996)). "New York law expressly provides for the award

of prejudgment interest in conversion and breach of contract cases as a matter of right." *Wells

Fargo Bank, N.A. v. Nat'l Gas., Inc.*, 577 F. App'x 58, 61 (2d Cir. 2014) (first citing CPLR §

5001(a); then citing *Advanced Retail Mktg., Inc. v. News Am. Mktg. FSI, Inc.*, 758 N.Y.S.2d 8, 9

(App. Div. 2003) (breach of contract); and then citing *Eighteen Holding Corp. v. Drizin*, 701

N.Y.S.2d 427, 428 (App. Div. 2000) (conversion)); *see also Kozair v. Blammo, Ltd.*, 759 F.

Supp. 3d 543, 554 (S.D.N.Y. 2024) ("New York law instructs courts to award prejudgment

interest when a defendant's act or omission deprives or otherwise interferes with title to, or

possession or enjoyment of, property" (quoting *Hydro Investors, Inc. v. Trafalgar Power Inc.*,

227 F.3d 8, 22 (2d Cir. 2000))); *IGH Harlem I LLC v. 406 Manhattan LLC*, 203 N.Y.S.3d 543,

546 (App. Div. 2024) ("The breaching party is required to pay interest despite lacking possession

or enjoyment of the property in order to 'make [the] aggrieved party whole'" (quoting *J.

D'Addario & Co. v. Embassy Indus., Inc.*, 957 N.Y.S.2d 275, 980 (2012))).

     The Court finds that Targownik is not entitled to prejudgment interest as of right on the

$18,248.80 awarded as to the Apple Bank Account because neither the Court nor the jury has

found an applicable claim for which Targownik should be awarded prejudgment interest as a

matter of right. As discussed above, (*see supra* section II.b.i.–ii.), the Court declines to amend

the Action II pleading to state that Targownik pleaded a conversion claim against Seymour as to

the Apple Bank Account or amend the Second Amended Judgment to label Seymour as the

payor of a portion of the award. In addition, the jury made no findings as to whether Seymour

committed a conversion or otherwise deprived the Estate of property as to the Apple Bank Account. (Verdict Form 3–4 (indicating only that the jury found that the Apple Bank Account was a convenience account).) Accordingly, because there was no finding as to Seymour's liability regarding any portion of the Apple Bank Account funds, the Court declines to award prejudgment interest on the $18,248.80 awarded as to the Apple Bank Account. *See Exact Invs. LLC v. Vesnaver*, No. 17-CV-6109, 2023 WL 5152324, at *3 (E.D.N.Y. June 21, 2023) (recommending an award of prejudgment interest on plaintiff's conversion claim after finding that the plaintiff satisfied each of the elements of a conversion claim as to the defendants); *IGH Harlem I LLC*, 203 N.Y.S.3d at 546 (explaining that "[t]he *breaching party* is required to pay interest" (emphasis added)).

### iv.   The Court denies Targownik's motion to amend the Action I Second Amended Judgment to include an award of post-judgment interest

Targownik seeks to "amend the Judgment to include awards to the Estate and against Seymour of . . . post-judgment interest in accordance with the 28 U.S.C. § 1961(a) until the judgment is satisfied." (Targownik's Mot. 1–2.) In support, Targownik argues that post-judgment interest "is mandatory on awards in civil cases as of the date judgment is entered." (*Id.* at 8 (citation omitted).)

Seymour argues that post-judgment interest is not warranted, and "the Court's logic [in the October 2024 Decision] concerning the denial of post-judgment interest on the Merrill Lynch Account applies to the Apple Bank Account as well." (Seymour's Opp'n 10.) In support, Seymour argues that Targownik "could have satisfied the Judgment immediately upon entry" because the amount "Merrill Lynch deposited into the Registry for the Eastern District . . . exceeded the total amount the Estate was ultimately awarded, plus the $18,000 from the Apple Bank Account." (*Id.*)

The Court denies Targownik's motion to amend the Action I Second Amended Judgment to award post-judgment interest.  In the October 2024 Decision, the Court held that Targownik's request to amend Action I and II Second Amended Judgments to include an award of post-judgment interest was untimely because she "failed to make her motion within a reasonable time, as required by Rule 60(b)," and also denied the motion on the merits because (1) it was unclear whether the Court could award post-judgment interest in an interpleader action,[11] (2) it was unclear whether it would "contravene the purpose of post-judgment interest" to do so where "the Judgment could have been satisfied immediately upon entry," and (3) Targownik herself had provided no law supporting an award of post-judgment interest in an interpleader action.  (Oct. 2024 Decision 17–21; Targownik's Recons. Mot. 4.)  First, as discussed above with respect to Targownik's motion to amend to make Seymour the payor of the $18,000 withdrawn from the Apple Bank Account, (*see supra* section II.b.ii.), Targownik's motion to amend to reflect a post-judgment interest award is untimely because she has not explained how the circumstances she

---

[11]  Although post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court," 28 U.S.C. § 1961(a), and the Second Circuit has held that section 1961's "terms do not permit . . . the exercise of judicial discretion in its application," *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (quoting *Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 269 (2d Cir. 1989)), it is unclear whether a jury verdict in an interpleader action constitutes a "money judgment . . . recovered" such that it triggers the statutory language of section 1961 because an interpleader action merely allocates funds held in escrow to appropriate parties rather than compensates parties for wrongs.  *Amica Mut. Ins. Co. v. Noel*, No. 16-CV-469, 2017 WL 2311857, at *1–2 (D. Conn. May 26, 2017) (denying the defendant's motion to amend to award post-judgment interest in a federal interpleader action to clarify and discharge an insurer's obligations on a sum of money due to the defendant as a result of a state court settlement agreement, because the defendant "ha[d] not 'recovered' 'any money judgment' 'in a district court'" and "[t]o the extent that this case result[ed] in [the defendant] receiving money, that is merely because the court ha[d] granted [the plaintiff]'s request to clarify, and to allow [the plaintiff] to discharge, preexisting obligations").  *But see Chase Manhattan Bank N.A. v. Traditional Invs. Corp.*, No. 92-CV-2774, 1995 WL 72410, at *5 (S.D.N.Y. Feb. 21, 1995) (awarding post-judgment interest in an interpleader action because "[s]ection 1961 is construed literally").

identified impacted her ability to file a motion addressing this issue of post-judgment interest, especially in view of her previous motions addressing other issues.  Second, even if Targownik's motion were timely under Rule 60(b), it remains unclear whether her requested relief would "contravene the purpose of post-judgment interest" because the Judgment could have been satisfied upon entry.  *See Padberg v. Giuliani*, 295 F. App'x 455, 457 (2d Cir. 2008) (explaining that the purpose of post-judgment interest was "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the damage by the defendant."  (quoting *Kaiser Aluminum & Chem Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990))); *Burton v. City of New York*, 630 F. Supp. 3d 586, 601 (S.D.N.Y. 2022) (same), *report and recommendation adopted sub nom. Burton v. Blocker*, No. 20-CV-9025, 2022 WL 9474454 (S.D.N.Y. Oct. 14, 2022).  In addition, although Targownik provided caselaw in support of her request for post-judgment interest, the law only addresses the award of post-judgment interest in a civil action — not whether it is appropriate to award post-judgment interest in an interpleader action.  (*See* Targownik's Mot. 8 (first quoting *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 129 (2d Cir. 2023); then quoting *Koch v. Greenberg*, 14 F. Supp. 3d 247, 287 (S.D.N.Y. 2014), *aff'd*, 626 F. App'x 335 (2d Cir. 2015); and then quoting *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 55 (2d Cir. 1998)).)  Accordingly, because Targownik's motion is untimely and she has failed to provide caselaw supporting an award of post-judgment interest in an interpleader action, the Court denies Targownik's motion to amend the Action I Second Amended Judgment to include an award of post-judgment interest.

## III.  Conclusion

For the reasons discussed above, the Court (1) denies Targownik's motion to amend the pleadings; (2) denies Targownik's motion to amend the Second Amended Judgments to make Seymour directly responsible for payment of the $18,000 removed from the Apple Bank Account

due to the Estate; (3) denies Targownik's motion to amend the Action I Second Amended Judgment to include prejudgment interest on the $18,248.10 awarded to her as to the Apple Bank Account; and (4) denies Targownik's motion to amend the Action I Second Amended Judgment to include post-judgment interest on the $18,248.10.

Dated: June 30, 2025
       Brooklyn, New York

SO ORDERED:


_____s/ MKB_____
MARGO K. BRODIE
United States District Judge